**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
Norfolk Division

CHRISTOPHER BLAUVELT,

Plaintiff,

v.

UNITED STATES OF AMERICA, *et al.*,

Defendants.

Case No. 2:23-cv-421

## OPINION & ORDER

Plaintiff Christopher Blauvelt alleges he was the victim of a physical attack in prison by a fellow incarcerated person. He sued the government under the Federal Tort Claims Act (FTCA) and two prison officials under 42 U.S.C. § 1983, pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). All three defendants moved to dismiss the claims against them. ECF Nos. 50, 52.

The claims against Defendants K. Perry and A. Ward fail because they fall outside the scope of *Bivens*, and this Court declines to expand that scope. The claims against the government fail because the plaintiff does not adequately allege conduct that is exempt from the discretionary function exception to the FTCA's sovereign immunity waiver.

Therefore, both motions to dismiss will be granted, and this case will be closed.[1]

---

[1] The plaintiff also asks to file a sur-reply. ECF No. 65. Though the Court does not find any new content in the government's reply brief that warrants additional argument, out of deference to the plaintiff's pro se status the Court will grant the motion and consider the arguments in the plaintiff's supplemental filing.

## I. BACKGROUND

At this stage, the Court assumes the allegations in the second amended complaint are true. On January 19, 2021, Defendants Perry and Ward "released about [30] unrestrained inmates of mixed race, including the [p]laintiff, . . . from their respective cells for showers." ECF No. 48 ¶ 10. Defendants Perry and Ward did this despite there being a "lockdown" in place that was "caused by racial tension throughout the [c]ountry." *Id.*; *see also id.* at 15 (notice relating to the lockdown).

While the plaintiff was waiting for the shower, "a [B]lack male inmate . . . approached" the plaintiff (who is white) and "suddenly and without any provocation[] struck the [p]laintiff in the head with a lock in a sock." ECF No. 48 ¶ 13. During the beating, the plaintiff "remembers seeing Defendant . . . Ward smirking at him across the unit" and that Defendant Perry "made no attempt to intervene." *Id.* ¶ 14. The "beating lasted about two minutes," until Defendant Perry "hit the emergency button and about 30 officers showed up and removed the assailant." *Id.* ¶¶ 13, 15.

The plaintiff was taken to an outside hospital to be treated for "multiple injuries and lacerations to his head, face, hand and leg." ECF No. 48 ¶¶ 17, 39. Upon his return to the prison, the plaintiff was placed in the special housing unit ("SHU") for 16 days. *Id.* ¶ 18. Defendant Ward later transferred the plaintiff to another unit. *Id.* ¶ 27.

On these allegations, the plaintiff brings Eighth Amendment deliberate indifference claims against Defendants Perry and Ward for failing to protect the plaintiff from the attack and for failing to intervene more quickly after the attack commenced. ECF No. 48 at 9–11. The plaintiff also brings a claim under the FTCA

against the United States based upon the alleged misconduct of Defendants Perry and Ward. *Id.* at 11–12.[2]

The defendants move to dismiss the plaintiff's claims pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). ECF Nos. 51, 53.

## II. LEGAL STANDARDS

### A. Rule 12(b)(1)

Dismissal is warranted under Rule 12(b)(1) for any claims over which the Court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The plaintiff bears the burden of proving that subject matter jurisdiction exists by a preponderance of the evidence. *United States ex rel. Vuyyuru v. Jadhav*, 555 F.3d 337, 347–48 (4th Cir. 2009).

A Rule 12(b)(1) motion may raise a facial or a factual challenge to subject matter jurisdiction. *See Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009). "In a facial challenge, the defendant contends that a complaint simply fails to allege facts upon which subject matter jurisdiction can be based." *Beck v. McDonald*, 848 F.3d 262, 270 (4th Cir. 2017) (quotation marks and citation omitted). "In that situation, the facts alleged in the complaint are taken as true, and the motion must be denied

---

[2] The plaintiff requests that the Court refer this matter to the United States Attorney for "investigation into the potential for criminal charges against the defendants." ECF No. 48 at 13.

The plaintiff's request for a criminal referral is **DENIED**. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the [criminal] prosecution or nonprosecution of another."); *Lopez v. Robinson*, 914 F.2d 486, 494 (4th Cir. 1990) ("No citizen has an enforceable right to institute a criminal prosecution.").

if the complaint alleges sufficient facts to invoke subject matter jurisdiction." *Kerns*, 585 F.3d at 192.

By contrast, when a defendant raises a factual challenge to subject matter jurisdiction, the court may "go beyond the allegations of the complaint and . . . determine if there are facts to support the jurisdictional allegations." *Beck*, 848 F.3d at 270 (quotation marks and citation omitted). "In that situation, the presumption of truthfulness normally accorded a complaint's allegations does not apply, and the district court is entitled to decide disputed issues of fact with respect to subject matter jurisdiction." *Kerns*, 585 F.3d at 192. Therefore, a court considering a factual challenge "may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Velasco v. Gov't of Indon.*, 370 F.3d 392, 398 (4th Cir. 2004).

**B. Rule 12(b)(6)**

A motion to dismiss under Rule 12(b)(6) should be granted if a complaint fails to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A Rule 12(b)(6) motion "tests the sufficiency of a complaint [and] does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). As such, the Court must accept all factual allegations contained in the plaintiff's second amended complaint as true and draw all reasonable inferences in favor of the plaintiff. *Johnson v. Portfolio Recovery Assocs., LLC*, 682 F. Supp. 2d 560, 567 (E.D. Va. 2009). "Although the truth of the facts alleged is assumed, courts are not bound by the legal conclusions drawn from

the facts and need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id.* (quotation marks and citations omitted). Further, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to survive a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The Court is required to liberally construe complaints filed by *pro se* litigants; however, the Court "cannot act as a *pro se* litigant's advocate and develop, *sua sponte*, . . . claims that the [litigant] failed to clearly raise on the face of [the] complaint." *Bolton v. Chesterfield Cnty. Sch. Bd.*, No. 3:19-cv-558, 2020 WL 5750896, at *2 (E.D. Va. Sept. 25, 2020) (quotation marks and citation omitted); *see Jackson v. Wilhelm Rest. Grp., Inc.*, No. 1:22-cv-165, 2022 WL 982361, at *2 (E.D. Va. Mar. 30, 2022) (explaining that a court's requirement to liberally construe a *pro se* complaint does not "transform[] the court into [the *pro se* plaintiff's] advocate" (citation omitted)).

## III. ANALYSIS

### A. *Bivens* Claims Against Defendants Perry and Ward

The plaintiff brings Eighth Amendment deliberate indifference claims against Defendants Perry and Ward, pursuant to *Bivens*. Defendants Perry and Ward move to dismiss because the plaintiff's "claims do not fall within the highly limited circumstances in which the Supreme Court has recognized such an implied cause of action" under *Bivens* and its progeny. ECF No. 53 at 7. The plaintiff contends that "*Bivens* should be favored and extended to [the] [p]laintiff['s claims]." ECF No. 60 at 1; *see id.* at 2 (asserting that the authorities cited by Defendants Perry and Ward in support of this argument are "irrelevant and must be ignored").

In *Bivens*, the United States Supreme Court "recognized for the first time an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights." *Iqbal*, 556 U.S. at 675 (quotation marks and citation omitted); *see Bivens*, 403 U.S. at 389–98. However, not every constitutional injury is remediable under *Bivens*, and the Supreme Court "has made clear that expanding the *Bivens* remedy is now a 'disfavored' judicial activity." *Ziglar v. Abbasi*, 582 U.S. 120, 135 (2017) (quoting *Iqbal*, 556 U.S. at 675).

To date, the Supreme Court has authorized a remedy under *Bivens* in only three factual contexts: First, *Bivens* itself recognized a damages remedy for a Fourth Amendment violation arising out of a highly invasive warrantless search. *See Bivens*, 403 U.S. at 389, 397. Second, in *Davis v. Passman*, 442 U.S. 228 (1979), the Supreme Court held that an ex-employee could seek damages under the Fifth Amendment's Due Process Clause on a gender-discrimination claim against a congressman who terminated her employment. *Davis*, 442 U.S. at 248–49. Finally, in *Carlson v. Green*, 446 U.S. 14 (1980), the Supreme Court permitted a prisoner's estate to pursue damages under the Eighth Amendment against federal prison officials for allegedly insufficient medical care that caused the prisoner's death. *Carlson*, 446 U.S. at 19.

*Carlson* was decided more than 40 years ago, and the Supreme Court "has declined to countenance *Bivens* actions in *any* additional context" since that time. *Tun-Cos v. Perrotte*, 922 F.3d 514, 521 (4th Cir. 2019) (emphasis in original). Where a case presents a new *Bivens* context, "courts must, before extending *Bivens* liability, evaluate whether there are special factors counselling hesitation in the absence of affirmative action by Congress. If any such special factors do exist, a *Bivens* action is

not available." *Id.* at 523 (emphasis, quotation marks omitted) (quoting *Ziglar*, 582 U.S. at 136); *see Mays v. Smith*, 70 F.4th 198, 202 (4th Cir. 2023) (noting that "expanding the *Bivens* remedy to a new context is an 'extraordinary act' that will be unavailable 'in most every case'" (citations omitted)).

The defendants argue that the Fourth Circuit's decision in *Bulger v. Hurwitz*, 62 F.4th 127 (4th Cir. 2023), forecloses the *Bivens* claims in this case. The Court agrees.

As here, the plaintiffs in *Bulger* brought Eighth Amendment failure to protect and failure to intervene claims against prison officials. *Bulger*, 62 F.4th at 134–35. The *Bulger* plaintiffs argued that their deliberate indifference claims arose in the same context as *Carlson*. *See id.* at 138. The Fourth Circuit rejected this argument on the grounds that these types of deliberate indifference claims are "materially distinct from a failure to provide adequate medical care claim like the one presented in *Carlson*." *Id.* The Fourth Circuit explained that, even though "the claim authorized in *Carlson* was an Eighth Amendment claim," "the Supreme Court has made clear that courts should not interpret *Carlson* to apply outside the precise context at issue in that case." *Id.* The *Bulger* court further cautioned that "even claims challenging the adequacy of medical care may involve the same 'right and . . . mechanism of injury' as in *Carlson* but still present 'different' contexts." *Id.* (quoting *Ziglar*, 582 U.S. at 139).

In addition, the *Bulger* court found that special factors weighed against extending the *Bivens* remedy to failure to protect and failure to intervene claims. *Bulger*, 62 F.4th at 139–42. The court determined that (i) the existence of an

alternative remedial system; (ii) Congress's "expressed . . . desire to prevent courts from interfering with BOP decisions," and choice not to "creat[e] a remedy for prisoners to obtain damages from individual officers;" and (iii) the "substantial burden . . . [that] would be placed on government operations if the [c]ourt were to authorize a new category of prison litigation," all weighed against any extension of *Bivens*. *Id.* at 140–41. These same factors apply to the plaintiff's *Bivens* claims in this case. *See* ECF No. 53 at 11–15.

In sum, the Court determines that the plaintiff's *Bivens* claims against Defendants Perry and Ward arise out of a markedly different context than the claims asserted in *Bivens*, *Davis*, and *Carlson*, and there is no valid basis to extend the *Bivens* remedy to cover those claims.[3] Because the plaintiff has not stated—and cannot state—any actionable *Bivens* claim against Defendants Perry and Ward, those defendants' motion to dismiss will be granted.[4]

---

[3] Defendants Perry and Ward discuss whether the second amended complaint also asserts a deliberate indifference claim stemming from the plaintiff's placement in the SHU. *See* ECF No. 53 at 10, 15. However, the plaintiff does not list any such claim in the "Legal Claims" section of the second amended complaint. ECF No. 48 at 9–12. To the extent the plaintiff intended to assert a *Bivens* claim relating to his placement in the SHU, the Court finds that such claim would be subject to dismissal on the same grounds as the plaintiff's failure to protect and failure to intervene claims, i.e., that such a claim arises out of a markedly different context than the claims asserted in *Bivens*, *Davis*, and *Carlson*, and that the special factors identified herein counsel against any extension of the *Bivens* remedy. *See Nellson v. Doe*, No. 21-6206, 2023 WL 3336689, at *4–5 (4th Cir. May 10, 2023) (holding that an inmate's deliberate indifference claims stemming from his placement in the SHU with no access to his walker or wheelchair present a new context and that special factors counseled against an extension of *Bivens*); *see also Tate v. Harmon*, 54 F.4th 839, 847 (4th Cir. 2022) (same, with respect to an inmate's claim regarding his condition of confinement in the SHU).

[4] The Court declines to address Defendants Perry and Ward's alternative arguments for dismissal.

**B. FTCA Claims Against the Government**

The plaintiff's FTCA claims stem from the alleged misconduct of Defendants Perry and Ward. *See* ECF No. 48 at 10–12. "As a sovereign, the United States is immune from all suits against it absent an express waiver of its immunity." *Welch v. United States*, 409 F.3d 646, 650 (4th Cir. 2005); *see Lane v. Pena*, 518 U.S. 187, 192 (1996) (any "waiver of the [g]overnment's sovereign immunity will be strictly construed, in terms of its scope, in favor of the sovereign"). The FTCA provides a limited waiver of sovereign immunity by allowing tort suits against the government for injuries caused by a government employee acting within the scope of their employment, to the extent that a private person would be liable for the act or omission under state law. 28 U.S.C. § 1346(b)(1).

However, the government does not waive sovereign immunity as to "[a]ny claim . . . based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the [g]overnment, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a). "FTCA plaintiffs have the burden of showing that the discretionary function exception does not foreclose their claim." *Bulger*, 62 F.4th at 142 (quotation marks and citation omitted); *see Welch*, 409 F.3d at 651. If the discretionary function exception applies, the court lacks subject matter jurisdiction and must dismiss the action. *See Anderson v. United States*, 669 F.3d 161, 164 (4th Cir. 2011).

Determining "whether the discretionary function exception applies in a particular case [involves] . . . a two-step analysis." *Bulger*, 62 F.4th at 142. Courts must consider first "whether the conduct at issue 'involves an element of judgment or

choice," then "whether the conduct at issue 'involve[d] the permissible exercise of policy judgment.'" *Id.* at 142 (quoting *Rich v. United States*, 811 F.3d 140, 144 (4th Cir. 2015)), 143 (quoting *Berkovitz ex rel. Berkovitz v. United States*, 486 U.S. 531, 537 (1988)) (other citation omitted).

***a. Failure to Protect***

The plaintiff claims that Defendants Perry and Ward were negligent because, while the prison was on a lockdown due to racial tensions, they released inmates of different races to go to the showers at the same time. ECF No. 48 ¶¶ 44–45 . It is well-settled that such claims fall within the discretionary function exception. *See Bulger*, 62 F.4th at 144–45 (explaining that decisions involving inmate placement and separation are "inherently discretionary" and "facially protected by the discretionary function exception"); *Rich* 811 F.3d at 145–46 (holding that such decisions are inherently discretionary). Under *Bulger* and *Rich*, the Court is constrained to find that the discretionary function exception applies to the plaintiff's failure to protect claim. Accordingly, this claim must be dismissed for lack of subject matter jurisdiction.

***b. Failure to Intervene***

The plaintiff also alleges that Defendants Perry and Ward were negligent by failing to intervene in the attack sooner than they did. *See* ECF No. 48 ¶¶ 14–15, 39, 41, 43. But the allegations in the second amended complaint do not support a reasonable inference that the defendants' conduct was based on anything besides a "policy judgment," so the claim does not survive. *Berkovitz*, 486 U.S. at 537; *Bulger*, 62 F.4th at 142.

The second amended complaint asserts that the individual defendants "stood by watching and smiling for about two minutes before taking any action" to stop the attack. *Id.* ¶ 41; *see id.* ¶ 14 (alleging that during the assault, Defendant Ward stood "smirking" at the plaintiff from across the housing unit, while Defendant Perry "made no attempt to intervene").

In the Fourth Circuit, an official's conduct may fall outside the discretionary function exception if it is "marked by individual carelessness or laziness." *Rich*, 811 F.3d at 147. But obviously, careless decision-making alone cannot take a defendant's conduct outside the exception, because that would eliminate the discretionary function exception in all FTCA claims based on negligence.[5] Thus, the Fourth Circuit has made clear that the government waives sovereign immunity when harm results because an official's carelessness or laziness prevents them from even *making* a policy judgment. *See id.* (reasoning that careless or lazy conduct of the kind that surpasses the discretionary function exception "*cannot* be grounded in a policy decision") (emphasis added); *e.g.*, *Tyree v. United States*, 814 F. App'x 762, 768 (4th Cir. 2020) (unpublished) (relying on *Rich* to find that the discretionary function exception did

[5] The *Rich* court appeared to entertain the idea that the plaintiff could escape the discretionary function exception even if the officials merely executed their responsibilities negligently. *See Rich*, 811 F.3d at 147 (suggesting that "the fact that [the defendants] performed patdowns [would] not resolve the question" whether they "performed those patdowns properly"). That segment of the opinion is dicta, for two reasons: First, it came after the court *rejected* the government's contention that the plaintiff "alleged only that the[] searches were not done properly," *id.* at 146; and second, it addressed what would happen if the court "accept[ed] the prison officials' uncontested declarations"—which, on a motion to dismiss, it could not do. *See id.* at 142. Accordingly, in the Fourth Circuit, the discretionary function exception remains limited to circumstances where the official's conduct "*cannot* be grounded in a policy decision." *Id.* at 147 (emphasis added).

not bar an FTCA action where the prison guards' slow response could have been attributable to them being "asleep" or "l[eaving] the unit unattended in order to enjoy a cigarette or a snack").[6]

Here, the plaintiff's allegations are not susceptible to a reasonable inference that Defendants Perry and Ward made no policy decision at all. They "watch[ed]" the assault occurring"—the plaintiff simply takes issue with the choice they made to wait two minutes before intervening. ECF No. 48 ¶ 41.[7] Accordingly, the discretionary

---

[6] The Court does not delve into the specific policies that might have been at play here, because compliance with those policies is irrelevant to the issue at hand. The question is not whether Defendants Perry and Ward complied with BOP policy—it is whether the plaintiff alleges their conduct was the kind that does not flow from a policy judgment.

[7] In *Tyree*, the plaintiff needed jurisdictional discovery to determine what the defendants were doing before they responded to a call for help. Not so here, where the plaintiff asserts that he *saw* the officials during the decisionmaking period. ECF No, 48 ¶ 14.

The Court's task is not to compare the plaintiff's allegations to the facts of *Tyree* with respect to the details of the defendants' alleged negligence. In fact, the Court could assume that Defendants Perry and Ward's conduct was negligent, and that would have no effect on the outcome here. Whether sovereign immunity bars this action does not depend on the degree of official misconduct, but rather on whether the alleged conduct "*cannot* be grounded in a policy decision." *Rich*, 811 F.3d at 147 (emphasis added). Only that category of conduct is exempt from the discretionary function exception.

The *Tyree* court did not conclude that the plaintiff alleged conduct *negligent enough* to fall outside the exception. Instead, the complaint there could be fairly read to allege that the defendants made *no decision at all* about whether or when to intervene in the plaintiff's assault. The complaint here is not susceptible to such a reading. So no matter how careless Defendant Perry and Ward were, their conduct does not fall within the exception that *Rich* recognized.

function exception bars the FTCA claim based on Defendants Perry and Ward's failure to intervene.[8]

---

[8] Though the parties do not explicitly address it in their briefs, the Court has also considered whether the plaintiff alleges a constitutional violation that might obviate the discretionary function exception. *See Medina v. United States*, 259 F.3d 220, 225 (4th Cir. 2001) (In "determin[ing] the bounds of the discretionary function exception . . . we begin with the principle that federal officials do not possess discretion to violate constitutional rights or federal statutes.") (quotation marks and citation omitted); *Owen v. City of Independence*, 445 U.S. 622, 649 (1980) (The government "has no discretion to violate the Federal Constitution; its dictates are absolute and imperative") (quotation marks omitted); *but see, e.g., Shivers v. United States*, 1 F.4th 924, 934 (11th Cir. 2021) (illustrating the circuit split on this issue).

It appears the plaintiff may attempt to allege a 'deliberate indifference' claim under the Eighth Amendment based on Defendants Perry and Ward's alleged failure to intervene in the assault. *See* ECF No. 48 ¶ 43. But such a claim requires more than allegations that fall within the colloquial meaning of that phrase. An official may violate the Eighth Amendment if they "know[] of and disregard[] an excessive risk to inmate . . . safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [they] must *also draw the inference*." *Id.* (emphasis added).

Here, the plaintiff's sole allegation in support of his Eighth Amendment theory is that Defendants Perry and Ward "smil[ed] at the attack." ECF No. 48 ¶ 43. That does not give rise to a reasonable inference that the officials subjectively inferred that the situation posed an excessive risk to the plaintiff's safety. *Compare Raynor v. Pugh*, 817 F.3d 123, 128 (4th Cir. 2016) (prison official is deliberately indifferent if "the official is present at the time of an assault *and fails to intervene or otherwise act to end the assault*") *with* ECF No. 48 ¶ 41 (acknowledging Defendants Perry and Ward "t[ook] [] action," though disputing their timing); *id.* ¶ 15 (alleging Defendant Perry "hit the emergency button and about 30 officers showed up and removed the assailant"); *see also Odom v. S.C. Dep't of Corr.*, 349 F.3d 765, 773 (4th Cir. 2003) ("[A] correctional officer who stands by as a passive observer and *takes no action whatsoever* to intervene during an assault violates the [Eighth Amendment] rights of the victim inmate.") (emphasis in original); *cf. id.* at 772 (deliberate indifference claim survived summary judgment where the plaintiff adduced evidence that one guard "walked away" when the plaintiff was threatened; another told the plaintiff, "in effect, that [he] was going to get what he deserved;" and all three defendants "refused to help when two [other] guards" asked for help assisting the plaintiff).

## IV. CONCLUSION

The plaintiff's motion to file a sur-reply (ECF No. 65) is **GRANTED.**

Defendants Perry and Ward's motion to dismiss (ECF No. 52) is **GRANTED**, and the plaintiff's *Bivens* claims are **DISMISSED** pursuant to Rule 12(b)(6).

The government's motion to dismiss (ECF No. 50) is **GRANTED**, and the plaintiff's FTCA claims are **DISMISSED** pursuant to Rule 12(b)(1).

Because no claims remain, the Clerk is **DIRECTED** to close this case.

The plaintiff may appeal from this Opinion and Order by sending a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510. The Clerk must receive the written notice within 60 days of the date of entry of this Opinion and Order. If the plaintiff wishes to proceed *in forma pauperis* on appeal, the application to proceed *in forma pauperis* must be submitted to the Clerk of the United States Court of Appeals, Fourth Circuit, 1100 E. Main Street, Richmond, Virginia 23219.

The Clerk is **DIRECTED** to please send a copy of this Opinion and Order to the plaintiff.

**IT IS SO ORDERED**.

/s/ JKW

Jamar K. Walker
United States District Judge

Norfolk, Virginia
August 18, 2026